IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:13CR47-1 |
| v. | : | |
| STANLEY SCOTT PORTER | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, STANLEY SCOTT PORTER, in his own person and through his attorneys, David B. Freedman and James F. Wyatt, III, and state as follows:

1. The defendant, STANLEY SCOTT PORTER, is presently charged in a Bill of Information in case number 1:13CR47-1, which in Count One charges him with a violation of Title 18, United States Code, Section 1546(a), visa fraud; and which in Count Two charges him with a violation of Title 18, United States Code, Section 1957, money laundering.

2. The defendant, STANLEY SCOTT PORTER, will enter a voluntary plea of guilty to Counts One and Two of the Information herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorneys.

a. The defendant, STANLEY SCOTT PORTER, understands that the maximum term of imprisonment provided by law for Counts One and Two of the Information is not more than ten years, as to each count, and the maximum fine for Counts One and Two of the Information is $250,000, or both, as to each count. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." The Court may impose an alternate fine as to Count Two of the Information of not more than twice the amount of the criminally derived property involved in the transaction, pursuant to Title 18, United States Code, Section 1957(b)(2).

b. The defendant, STANLEY SCOTT PORTER, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, STANLEY SCOTT PORTER, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, STANLEY SCOTT PORTER, further agrees to pay restitution, as determined by the Court, to any victims harmed

by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

  d. The defendant, STANLEY SCOTT PORTER, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  e. The defendant, STANLEY SCOTT PORTER, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, STANLEY SCOTT PORTER, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One and Two of the Information herein, the defendant, STANLEY SCOTT PORTER, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, STANLEY SCOTT PORTER, is going to plead guilty to Counts One and Two of the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, STANLEY SCOTT PORTER, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to

4

Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. The defendant, STANLEY SCOTT PORTER, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. With regard to forfeiture, the United States and the defendant, STANLEY SCOTT PORTER, agree as follows:

a. The defendant STANLEY SCOTT PORTER knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), Three Hundred Thousand and 00/100 Dollars ($300,000.00) in U. S. currency, such sum of money representing the total amount that constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of the offense charged in Count One, to which he is pleading guilty. The defendant agrees to deliver said proceeds to the United States Marshals Service upon execution of this Plea Agreement.

5

b. If any of the property described above, as a result of any act or omission of the defendant (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

c. The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

d. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and

6

challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

e. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

f. Defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the forfeiture.

8. It is further understood that the United States and the defendant, STANLEY SCOTT PORTER, reserve the right to bring to

7

the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, STANLEY SCOTT PORTER, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have

8

been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 19th day of February, 2013.

RIPLEY RAND
United States Attorney

DAVID B. FREEDMAN
Attorney for Defendant

JAMES F. WYATT, III
Attorney for Defendant

FRANK J. CHUT, JR.
NCSB # 17696
Assistant United States Attorney

   P. O. Box 1858
   Greensboro, NC 27402

   336/333-5351

STANLEY SCOTT PORTER
Defendant

9