```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                MIDDLE DISTRICT OF NORTH CAROLINA

 3  UNITED STATES OF AMERICA,       )
                                    ) Case No. 1:13CR47-1
 4       vs.                        )
                                    ) Greensboro, North Carolina
 5  STANLEY SCOTT PORTER,           )
                                    ) September  24, 2013
 6       Defendant.                 )
    _____) 11:01 a.m.
 7

 8               TRANSCRIPT OF SENTENCE - VOLUME 3
           BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
 9                 UNITED STATES DISTRICT JUDGE

10  APPEARANCES:

11  For the Government:   FRANK JOSEPH CHUT, AUSA
                          Office of the U.S. Attorney
12                        101 S. Edgeworth Street, 4th Floor
                          Greensboro, North Carolina 27401
13

14  For the Defendant:    DAVID B. FREEDMAN, Esq.
                          Crumpler Freedman Parker & Witt
15                        301 N. Main Street, Suite 1100
                          Winston-Salem, North Carolina 27101
16

17

18

19

20

21

22  Court Reporter:    Joseph B. Armstrong, RMR, FCRR
                       324 W. Market, Room 101
23                     Greensboro, NC  27401

24         Proceedings reported by stenotype reporter.
        Transcript produced by Computer-Aided Transcription.
25
```

```
 1                     P R O C E E D I N G S
 2              (At 11:01 a.m., proceedings commenced.)
 3              (Defendant present.)
 4              MR. CHUT:  Your Honor, this is United States of
 5    America versus Stanley Scott Porter, 1:13CR47-1, Mr. Freedman
 6    representing Mr. Porter on for a sentencing hearing, Your
 7    Honor.
 8              THE COURT:  All right.  Well, it's kind of a
 9    resentencing hearing, but I think, as the parties know through
10    the messages that I sent, that unfortunately I can't impose
11    conditions of supervised release until after the term -- any
12    term of imprisonment has been served, so I wanted to get
13    everybody back here since it appeared that what I had imposed
14    was not a lawful sentence.  I still for myself personally was
15    satisfied with that sentence.  And as I further indicated
16    substantively, in fairness to Mr. Porter and to the Government,
17    I don't generally intend to make any substantive changes to the
18    sentence.
19              But this is what I have wrestled with.  The sentence
20    was 24 months split 12 months active/12 months house arrest as
21    a condition of the term of supervised release.  I'm going to
22    leave the long reporting date in place as I had it.  I'm going
23    to leave all other conditions of the sentence in place, but I
24    think I've got to flip it around and make the 12 months house
25    arrest or home detention as a condition of the supervised
```

release rather than directing or ordering that Mr. Porter serve that before he reports for service of an active -- any active component of his sentence.

So what I -- frankly, the only substantive change I'm inclined to make is since he's going to be on pretrial release for a year, I'm inclined to cut his term of supervised release down to two years instead of three under these circumstances. I'm also inclined under the circumstance -- I debated -- let me back up. I debated whether to move that reporting date back slightly to June instead of September. Whatever date I leave for the reporting date, I'd also like to set a status conference for about a month before that reporting date so the parties can come in and update me as to where the case stands in terms of any potential future cooperation or supervised 5(k) filings and further investigation so that I'm not trying to weigh that if I suddenly start getting motions to continue because of cooperation, but on just a paper record I can actually meet with the parties to find out where things stand and figure out what should be done.

I do think -- I do think, at least under my assessment, that -- give me just a moment. I do think because the sentence itself was -- I'm using the term "unlawful," but it was not permitted by statute -- by the applicable statutes, but there is clear error here that I need to correct in the sentence under Rule 35. So to take you through step-by-step

1  either under Rule 35 or Rule 36, a clerical error or oversight
2  or omission, I think the sentence is one that is subject to
3  being corrected.  I don't intend to change the sentence
4  substantively, but in accordance with the applicable statutes
5  and rules with respect to supervised release, I am going to
6  flip it around so that the term of imprisonment starts in a
7  year, and then the home detention starts after service of the
8  active sentence component.
9           Mr. Freedman, any questions about anything that I've
10 outlined for you?
11          MR. FREEDMAN:  No, Your Honor.  I would have one
12 request in terms of the conditions of the house arrest.  But
13 other than that, I have nothing.
14          THE COURT:  Okay.  Mr. Chut, anything?
15          MR. CHUT:  No, Your Honor, thank you.
16          THE COURT:  And for whatever it's worth, I did
17 wrestle with a variety of possibilities in the interim,
18 including active sentence on one count and probation on the
19 other count so I could structure it the way I wanted it to
20 be -- or I felt like it should be structured, and there's just
21 no way to do the home detention before the term of imprisonment
22 is served.
23          What was the question about the house arrest or home
24 detention?
25          MR. FREEDMAN:  Your Honor, it's my understanding what

```
 1  the Court was intending to do is while he's still out on
 2  pretrial release, the Court was going to impose -- well, have
 3  him under the conditions of house arrest.
 4          THE COURT:  I'm not --
 5          MR. FREEDMAN:  Oh, you're not?
 6          THE COURT:  No, I don't think I can.  He can't -- I
 7  can't structure that so he gets credit toward that during the
 8  term of supervised release, so he's just going to remain out on
 9  the same terms and conditions of release.  I toyed with the
10  idea of going ahead and modifying those terms and conditions of
11  release, but I felt like that was problematic because, A, I
12  don't genuinely believe or find that he is at any increased
13  risk to the community or for failing to report; and, B, looking
14  at it candidly, I think we could run into some problems on
15  crediting that toward the 12 months house arrest as a condition
16  of supervised release.
17          So I'm going to leave him on the same -- or
18  Mr. Porter on the same terms and conditions of pretrial release
19  as were previously imposed from now through the reporting date.
20          MR. FREEDMAN:  Then I don't need to be heard at all,
21  Your Honor.
22          THE COURT:  Anything in light of that, Mr. Chut?
23          MR. CHUT:  No, Your Honor, thank you.
24          THE COURT:  Let me see Ms. Holly up here.
25          (Bench conference with probation.)
```

5

US v. Porter - Sentence, Vol 3 - September 24, 2013

Case 1:13-cr-00047-WO   Document 37   Filed 05/29/14   Page 5 of 9

1     THE COURT: All right. How do we proceed from here?
2  This is my first go around on correcting a sentence under
3  Rule 35 or Rule 36, but I think it's sufficient at this point
4  to strike the conditions of the earlier judgment and simply
5  reimpose the 24 months as I did in the first instance. Is that
6  okay with you, Mr. Freedman?
7     MR. FREEDMAN: Yes, Your Honor.
8     THE COURT: Mr. Chut?
9     MR. CHUT: Yes, Your Honor.
10    THE COURT: And did you want to be heard on the
11 reduction in terms of the term of supervised release from three
12 years to two?
13    MR. CHUT: No, Your Honor, I do not.
14    THE COURT: All right. Then, Mr. Porter, if you will
15 stand, then I will simply find in Case No. 1:13CR47-1 that the
16 original sentence with respect to the active sentence component
17 as well as the condition of 12 months house arrest is struck
18 and is hereby modified. The sentence imposed shall be -- as --
19 well, as well as the term of supervised release, those matters
20 are modified to reflect the following:
21    One, a term of imprisonment of 24 months shall be
22 served as follows: Twelve months in the custody of the Bureau
23 of Prisons, as previously ordered, followed by a term of
24 supervised release of 24 months; and as a condition of that
25 supervised release, defendant is -- will serve a period of home

1 detention of 12 months under the terms and conditions that were
2 previously announced.  There will not be any change to
3 Mr. Porter's pretrial conditions of release between now and the
4 time Mr. Porter reports for the active service of his sentence.
5 All other terms and conditions of the judgment previously
6 imposed will remain in full force and effect.
7 　　　　　Anything further, Mr. Freedman?
8 　　　　　MR. FREEDMAN:  No, Your Honor.
9 　　　　　THE COURT:  Mr. Chut?
10 　　　　　MR. CHUT:  No, Your Honor.  Thank you, Your Honor.
11 　　　　　MS. HOLLY:  Did you say 24 months imprisonment?
12 　　　　　THE COURT:  The way I did it the first time was 24
13 months, but I ordered, like a Zone B, how it was to be served
14 12 months active.  Maybe it would be better just for clarity of
15 the record to just make it 12 months in the custody of the
16 Bureau of Prisons followed by a term of two years of supervised
17 release with a condition of 12 months home detention.
18 　　　　　MS. HOLLY:  Yes, sir.  Yes, sir.
19 　　　　　THE COURT:  Okay.  Well, I'll get this sentence right
20 eventually.
21 　　　　　Now, certainly I know Mr. Porter is hopeful, and it
22 sounds like the Government is -- will -- at least acknowledges
23 that there's additional work unfolding -- you can have a seat
24 at this point if you would like, Mr. Porter -- there's
25 additional work unfolding that may lead to further motions by

```
the Government in this case.  In light of that -- what did I
set as a reporting day?  Was it like September 13 or 18th?
         THE CLERK:  The 17th.
         THE COURT:  The 17th of September.  So I'm going to
say on August 16 of 2014, I'm going to set a status conference
for 2:00 in the afternoon at which -- at that point in time if
any cooperation is completed and a Rule 35 or some other
similar motion has been filed, the status -- I'm going to leave
the status conference in place, I take that back, because
there's one other issue I want to raise with you.  I'm going to
set that case for a status conference at that time.
         Mr. Chut and Mr. Freedman will decide then what's
going on within the case.  If the Rule 35 has been filed, I'm
going to want to hear from you because, depending on where I
want to make reductions if the Government has so moved, I may
also want to consider conditions of home -- of the home
detention if that remains in place in light of any travel needs
that Mr. Porter may have.
         I will tell you now, certainly everything can change,
but what I'm looking at is if ultimately the active sentence
component remains in place, then Mr. Porter is going to have to
make adjustments on his -- in the operations of his business to
accommodate that ultimately.  But if a Rule 35 is filed,
depending on how much cut ultimately is done, it may be that in
light of the changes I may want to impose certain conditions of
```

home detention to allow those businesses to continue. So I'm going to leave that status conference in place. We'll address all that at that particular time.

Mr. Porter, I apologize to you. Everybody expects judges to get things right on the first try, and sometimes it just doesn't happen the way it should. I appreciate your patience and your willingness to return. I appreciate counsel's patience in the matter.

If there's nothing else to be addressed, we'll let it go at that. Mr. Freedman, anything further?

MR. FREEDMAN: No, Your Honor.

MR. CHUT: No, Your Honor, thank you.

THE COURT: Ms. Holly?

MS. HOLLY: (Shaking head.)

THE COURT: All right. Thank you all. We'll stand adjourned.

(At 11:15 a.m., proceedings concluded.)

* * * *

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the proceedings in the above-entitled matter.

_____
Date: 05/27/2014    Joseph B. Armstrong, RMR, FCRR
                    United States Court Reporter
                    324 W. Market Street
                    Greensboro, NC  27401