```
 1                IN THE UNITED STATES DISTRICT COURT

 2                MIDDLE DISTRICT OF NORTH CAROLINA

 3  UNITED STATES OF AMERICA,          )
                                       ) Case No. 1:13CR47-1
 4       vs.                           )
                                       ) Greensboro, North Carolina
 5  STANLEY SCOTT PORTER,              )
                                       ) November 12, 2014
 6       Defendant.                    )
    _____) 12:05 p.m.
 7

 8             TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
 9                UNITED STATES DISTRICT JUDGE

10  APPEARANCES:

11  For the Government:   FRANK JOSEPH CHUT, AUSA
                          Office of the U.S. Attorney
12                        101 S. Edgeworth Street, 4th Floor
                          Greensboro, North Carolina 27401
13

14  For the Defendant:    ROBERT A. BLAKE, JR.
                          Wyatt & Blake, LLP
15                        435 E. Morehead St.
                          Charlotte, NC 28202-2609
16

17

18

19

20

21

22  Court Reporter:    Joseph B. Armstrong, RMR, FCRR
                       324 W. Market, Room 101
23                     Greensboro, NC  27401

24          Proceedings reported by stenotype reporter.
       Transcript produced by Computer-Aided Transcription.
25
```

US v. Porter - Status Conference - November 12, 2014

```
                                                              2
```

1                        P R O C E E D I N G S
2            (At 12:05 p.m., proceedings commenced.)
3            (Defendant present.)
4            THE COURT:  Mr. Chut, you may call the case.
5            MR. CHUT:  Your Honor, this is the United States of
6  America versus Stanley Scott Porter, and I don't have something
7  with the case number on it, Your Honor.  It's on for a status
8  conference.
9            THE COURT:  Case No. 1:13CR47-1.
10           MR. CHUT:  Thank you, Your Honor.
11           THE COURT:  Appearing today on behalf of Mr. Porter?
12           MR. CHUT:  I'm sorry, Your Honor.  Mr. Blake is here
13 for Mr. Porter.  I apologize your Honor.
14           MR. BLAKE:  Good afternoon, Your Honor.  Robert Blake
15 here on behalf of Mr. Porter.
16           THE COURT:  All right.  Good afternoon, Mr. Blake.  I
17 received a motion filed by Mr. Freedman, who I excused for
18 purposes of today's hearing, requesting a continuance of the
19 status conference and another extension to the reporting date.
20           We've been on a path in this case of -- at least the
21 way I'll characterize it, based on the limited information that
22 I have -- that Mr. Porter has been cooperating.  There is a
23 related case, United States versus Eury, Wicker, and White,
24 which I assume is the related case in which Mr. Porter may or
25 may not be cooperating, the Government would know that, but

US v. Porter - Status Conference - November 12, 2014

Case 1:13-cr-00047-WO   Document 44   Filed 11/17/14   Page 2 of 16

1 that's the conclusion I reached, and we have now had
2 Mr. Porter's reporting date extended for a year thinking that a
3 year would be -- originally be plenty of time, and now I can't
4 determine from the request to continue the status conference
5 what kind of -- what kind of definitive time frame the
6 reporting date is sought to be continued to. I've looked at
7 the Eury case. That matter has now been continued to May 15.
8 There's a few things in that case that trouble me in terms of
9 the process, but at this point in time I'm reaching the end of
10 my ability to at least make a finding that the extension is
11 requested -- additional time is needed in terms of a good faith
12 reason for that.
13     So I guess where do we stand, Mr. Chut, with respect
14 to Mr. Porter at this point? It was originally continued in
15 the hopes he would receive further substantial assistance
16 consideration from the Government, so where do we stand on
17 that?
18     MR. CHUT: Your Honor, Mr. Porter is cooperating with
19 the Government. As recently as September, he's come in and
20 been re-interviewed. The United States does intend to call him
21 in the larger case with Mr. Eury, Wicker, and White. So he is
22 cooperative. The United States -- I've had some conversations
23 this morning with Mr. Blake and spoke with Mr. Freedman
24 yesterday by phone about it. The Government will file a motion
25 for some additional credit under Rule 35 based on the fact

that -- if you'll recall, Your Honor, Mr. Porter was given a 20 percent reduction under a 5K motion for aiding in the investigation.  Now, we've had two guilty pleas where he reasonably should receive some credit.

So that's basically where we are.  He intends to be a witness, Your Honor, in the larger case.

THE COURT:  I can't keep continuing Mr. Porter indefinitely.  I understand that his sentence is such that with regard to where we ended up in terms of the 12-month sentence followed by two years of supervised release -- I mean, I hate to see Mr. Porter serve active time when, at the end of the day, maybe the cooperation would be such, but I -- at the same time, this case is simply being held hostage by delays and various other things in the related case, and I'm not of a mind to continue this thing indefinitely.  We've got a trial date in that other case now, I think.  I've continued it until May. It's been pending -- at least as to Mr. Eury, it's been pending since February of 2014, and I'm assuming that there won't be any further delays.  But, I mean, it's just -- I don't see any end in sight at this point.

MR. CHUT:  Well, Your Honor, in terms of -- I will say in terms of Your Honor characterizing delays, new conduct was charged, Your Honor.  So I will say I don't want to necessarily agree with the Court's characterization the case was delayed.  New conduct was charged, and two defendants were

```
 1  disposed of.  It does put Mr. Porter --
 2             THE COURT:  Why did it take from February to
 3  September of 2014 for the Government to find the new conduct
 4  and charge it?
 5             MR. CHUT:  Your Honor, new conduct had to be
 6  investigated, and I'm certainly not at liberty to discuss the
 7  goings -- the work of the grand jury in open court, Your Honor,
 8  but that time was not spent to delay the case.  That -- the
 9  defense attorneys were made well aware of that, were aware of
10  that, and that was time spent in investigation of new conduct
11  that as the original case was put together and pushed on became
12  obvious.  So that was not --
13             THE COURT:  Let me ask you this.  Is that new conduct
14  related to Mr. Porter's cooperation?
15             MR. CHUT:  Mr. Porter, Your Honor, can testify as to
16  the new conduct.  The new conduct, Your Honor -- I'm just
17  speaking about the indictment -- involves the use of the
18  company ASAP to collect what were represented as recruiting
19  fees which the Government would then allege were -- a
20  substantial portion were wrongfully diverted under the -- and,
21  of course, the whole engine was lubricated by threat not to
22  allow workers to cross.  Mr. Porter in that case -- in that
23  situation was as much a victim as anybody else.  So he would be
24  testifying in that case.
25             Your Honor, I do want to say on the record that seven
```

months was not spent to manipulate the --

        THE COURT: Well, listen to this, Mr. Chut. The last motion to continue says the following: "Counsel for Defendant Eury has also received a significant volume of discovery beyond what had been previously provided by the Government."

        Now, maybe all that flows from the new additional information learned during the course of the investigation. But even assuming that it was all done as promptly as it could have been addressed, it still points to the fact that we've got a May trial date -- you had a September trial date. That's been moved to May. We've got a May trial date now, and who knows? Maybe these roads will lead you somewhere else, and we won't be able to try -- or nobody gets tried in May and further delays, and that's part of my problem. It's coming down piecemeal here. Whether legitimate reasons or illegitimate, regardless, it's still coming in piecemeal, and Mr. Porter's case is now a very long time past sentencing.

        It seems to me, getting to the bottom line, that the Government has some idea of the level of cooperation that he's provided, and, at least to a certain degree, the Government ought to have some idea at this point as to whether or not they're going to make a motion that would be one that needed to be considered in terms of whether Mr. Porter should be -- have some active sentence component. In other words, to go from the 12 months to a probationary sentence might arguably take

```
 1  something more than another 20 percent or even 30 percent or
 2  perhaps even 40 percent, I don't know.  But at the end of the
 3  day, whether you move for what he's done so far or what he's
 4  done and what you anticipate he will do, it would seem to me
 5  you have some pretty good idea -- ought to have some pretty
 6  good idea of where you think he ought to end up in this case.
 7           MR. CHUT:  I do, Your Honor.  But, one, I've not
 8  suggested or asked that he not receive an active component,
 9  one.  Two, I don't think -- well, this is an unusual case in a
10  lot of ways, which is -- it's not that unusual for defendants
11  to have sentences that could possibly have relief under
12  Rule 35.  The Government gave Mr. Porter a 20 percent up front.
13  I think, Your Honor, he's entitled to a little bit more based
14  on the guilty pleas.  While he's cooperating, though, he hasn't
15  testified yet either, and that's just the reality of the
16  situation.
17           Your Honor, I am concerned about the Court's
18  suggestion that this whole process has been gamed for some
19  reason of the Government --
20           THE COURT:  It's not gamed, it's delayed.  I mean, I
21  understand further investigation, and I understand that I
22  originally set this reporting date under a belief that a year
23  would be plenty of time.  I also understand that new things can
24  come up that merit inclusion in the indictment.
25           But once a case is indicted, whether it's Mr. Eury,
```


Mr. Wicker, Mr. White, whoever, at that point in time it's not simply the Government's interest in the investigation, it's the Court's interest in resolving matters not to the point -- expeditiously to the point of depriving people of opportunities or rights that they have, but at the same time, you know, the Bureau of Prisons is being asked to extend the reporting date over and over again. I'm being asked to come in and hold conferences. So there's a certain amount of both judicial and executive branch economy that gets wasted, and quite honestly I'm not all that enamored of the way this whole thing has worked out. So whether I will do this again or not remains to be seen because tying Mr. Porter's reporting date to what has turned out to be such an indeterminate date for conclusion of his cooperation has just not worked satisfactorily in my mind.

Mr. Blake, you don't have -- I understand that Mr. Wyatt and Mr. Freedman aren't here. That doesn't make you No. 3 on the list, but certainly in terms of representation there are other lawyers who have some input. But I think as my comments are making clear, I don't want to see Mr. Porter go to jail unnecessarily and be deprived of his ability to get full credit for whatever cooperation he wants to provide.

But, on the other hand, we're a long ways off from his initial cooperation, and it seems to me that part of the final problem that needs to be addressed is the question of how the cooperation is going to be treated, and at this point in

time it's hard for me to see why there should be any further delays simply to allow that to unfold completely because at this point I don't know when it's all going to unfold.

     MR. BLAKE:  Thank you, Your Honor.  I certainly understand the Court's concern.  If I may briefly, Mr. Porter was the first defendant in this investigation to come in, accept responsibility, plead guilty, and he's cooperated from day one since doing that.  Obviously, he has an interest in moving on with his life, too.  One thing that the Court did not point out that I'd just let the Court know, there's also a house arrest component of this sentence that he can't even begin doing until after the incarceration.  So his life has been put on hold as well.

     With that said, you know, he's continued to cooperate.  He's done everything that the Government's asked of him.  As Mr. Chut has indicated, there's been at least two indictments that are fruits of his cooperation and guilty pleas.  There's also been two indictments recently that have stemmed from, in part, the information he's provided.  He's ready and willing to continue his cooperation, and, if you read through the indictment, a lot of the information in the superseding indictment is prominently information that Mr. Porter has provided.

     Our concern is what the Court has indicated is that if he is required to report at this period of time, by the time

this case is tried, he may not get full credit for everything he's done and is going to do in the future.

You know, there's -- as I understand it, there's a trial date right now of May 11.  I know we're testing the Court's patience, but I would ask the Court to consider at least one further delay through the May date so he can continue cooperating and hopefully get full credit for all of that cooperation.

THE COURT:  Well, I'd like to do that.  That's the path I started out on when I originally set this long reporting date, but -- and I don't want it to sound like it's simply my impatience.  If it was just me and I was the only one affected by the decision, then fine, I'll just put it on for June.  But there does have to come some point in time where some decision has to be made; and if for whatever reason events keep occurring that prevent that decision from being made, it does start to affect the rest of the judicial system and the executive branch.  I understand Mr. Porter -- his life is unsettled at this point in time, but there does come a point in time where I just can't keep waiting on indeterminate events to occur to allow me to address this.

So here's what I'm going to do.  A little short motion of the type that I received in terms of continuing a reporting date I just find completely insufficient.  I am not persuaded at this point in time, having seen what I have seen

both in terms of the manner in which the Eury, Wicker and White Case, No. 14CR39, the way that case has proceeded, at this point I don't see that continuing Mr. Porter's reporting date to May or even June necessarily provides any certainty that he will be through with his cooperation.

I think ultimately there is a core question that's got to be addressed, and that is whether the Government -- the Government has a pretty good idea of what Mr. Porter can do if he continues to cooperate throughout, and I think lurking at the heart of this case is the core question of whether or not Mr. Porter's assistance, assuming it goes completely to fruition, is going to rise to the level where the Government might be in a position to recommend a noncustodial sentence or not. It would seem to me with the amount of time that's passed that there is some -- ought to be some ability to assess that.

But notwithstanding, the only other tool that I have to address sentencing dates, cooperation, and later provided cooperation is through a Rule 35 motion. We've pushed out, I think, at this point -- well, it would still be a Rule 35, but we've pushed out at this point, at least it seems to me, toward the end of where this case needs to continue lingering in terms of designations and reporting dates and sentences and that type of thing.

But here's what I'm willing to do. I extended out the reporting date, I think, to December 3 in my last order --

to December 3. Today is November the 12th. I will put this matter on for a hearing -- well, I'll give you two choices. I'll block some time off on Wednesday -- let's see -- Wednesday -- no, today is -- today's the 12th. Thanksgiving is the 26th. I'll block some time off either on Wednesday, November 26, or Monday, December 1, and the parties can either discuss whether or not the time has come for me to address the cooperation that Mr. Porter has provided to this point and go ahead and make any requested adjustments or whether you want to try again in terms of an extension of the reporting date. Do I make myself clear?

    I'm not going to hold just another status conference for you all to come in and tell me that there's more delays and there's going to be more time that this takes. So you all can get together and talk about any reduction that Mr. Porter ought to receive in terms of his substantial assistance. I'll have one of those two days blocked off. So if you want an actual hearing, instead of that being determined on the paper I can address that and leave the reporting date in place; or, alternatively, if there's some good reason to extend it past December the 3rd, that reporting date past December the 3rd, I'll do that. But I will say at this point I haven't seen anything that suggests to me extending the reporting date to some time in June is appropriate in this case. Is that understood?

1          MR. BLAKE:  It is, Your Honor.
2          MR. CHUT:  Yes, Your Honor.
3          MR. BLAKE:  I would ask the Court, would the Court
4  consider at this time possibly extending the reporting date
5  past the Christmas holidays so he does have some certainty?  He
6  does have a son that he's been essentially the joint parent of,
7  and he's got some business obligations.  I think if we could
8  have some certainty that he could at least get him through the
9  Christmas holiday and the break, that would be --
10         THE COURT:  You can file a written motion asking for
11 either.  Just asking for a second short extension of the
12 reporting date and deal with the rest of this later, or if the
13 Government is so inclined and the parties agree, then the
14 Government can file a motion reflecting Mr. Porter's
15 assistance, and I'll have you back in, and I'll deal with that,
16 even though it's a Rule 35, by way of an actual hearing.  Do
17 you follow me?
18         MR. BLAKE:  I think so.
19         THE COURT:  I won't extend the date any further
20 today --
21         MR. BLAKE:  Okay.
22         THE COURT:  -- based on what I have.  I'm sympathetic
23 to Mr. Porter's situation in terms of businesses and family and
24 that type of thing; but on the other hand, that seems to me
25 something that should have been addressed during that September

1  to November time frame.  But if you think there's good reason
2  to just simply extend the reporting date past Christmas, then
3  file a motion explaining in detail why that is.
4          But, on the other hand -- and then if I'm going to
5  deny it, I'll still have you in for a hearing on one of those
6  two days.  If the parties agree that Mr. Porter, before
7  reporting for sentencing in the pending case, should get
8  whatever full benefit amounts to in terms of his additional
9  cooperation, then talk to the Government, and get that in ahead
10 of time, and I'll address that at that time.
11         Do you all have a preference in terms of the 26th or
12 the 1st?
13         MR. CHUT:  Your Honor, I have 15 houseguests coming
14 on Thanksgiving.  I was planning to be on leave on Wednesday to
15 get ready, so I prefer the 1st, Your Honor.  We'll be here
16 anyway for the other case, if that's acceptable to Mr. Blake.
17         MR. BLAKE:  I think it will.  I need to talk to
18 Mr. Freedman, but if the Court -- I'm happy to go ahead and put
19 that date down.  I know I can be available then.
20         THE COURT:  Let me make sure.  Does December 1 work
21 for you, Ms. Welch?  That's the date I start that trial.
22         THE CLERK:  Yes, sir.
23         THE COURT:  I'm going to block off some time on
24 December the 1st -- I'm going to make it 4:00.  That will still
25 give me enough time to extend the reporting date should I

US v. Porter - Status Conference - November 12, 2014

1  choose to do that, and we'll have enough time, if necessary, to
2  address any evidence or arguments the parties want to make if
3  the Government has determined to provide Mr. Porter with a
4  further reduction in his sentence.
5           But, otherwise, based on what's been filed up to this
6  point, I am not inclined to further extend the reporting date,
7  nor am I inclined to -- or extend the reporting date
8  indefinitely to a date that's tied to another case where that
9  date is moved twice for substantial periods of time, six
10 months, seven months, and now again nine to five -- eight
11 months without any feeling that it may be resolved at that
12 point.  Any questions?
13          MR. BLAKE:  No, Your Honor.
14          THE COURT:  Mr. Chut?
15          MR. CHUT:  No, Your Honor.  Thank you, Your Honor.
16          THE COURT:  All right.
17          MR. BLAKE:  Thank you.
18          THE COURT:  We'll have December 1 at 4:00 for a
19 tentative hearing date.  The parties may file such written
20 motions -- if you're going to file anything, then get that to
21 me -- today is the 12th -- say file any motions by the 21st and
22 responses by the 26th of November, responses if necessary, so
23 at least I know what's coming.
24          All right.  Mr. Porter, I know sitting there
25 listening to a judge grumble about uncertainty, and it's your

life, and -- I understand that. But by the same token, we tried something here. You've been present throughout all the stages of this, and it's getting to the point where -- I'm going to do everything I possibly can to make sure you receive full credit for whatever you're entitled to, but I've extended this well past what I thought would be necessary; and when I start rolling over reporting dates over and over again and leaving a case hanging, that's just taking too long. It affects a lot of other people besides you and me. So to the extent I sound like I'm just grumpy, I apologize to you for that, but it's time for something to happen in this case.

All right. We'll stand in recess until further notices.

(At 12:59 p.m., proceedings concluded.)

* * * * *

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the proceedings in the above-entitled matter.

_____
Date: 11/17/2014    Joseph B. Armstrong, RMR, FCRR
                    United States Court Reporter
                    324 W. Market Street
                    Greensboro, NC  27401