1              IN THE UNITED STATES DISTRICT COURT

2               MIDDLE DISTRICT OF NORTH CAROLINA

3   UNITED STATES OF AMERICA,        )
                                     ) Case No. 1:13CR47
4       vs.                          )
                                     ) Greensboro, North Carolina
5   STANLEY SCOTT PORTER,            )
                                     ) December 1, 2014
6       Defendant.                   )
    _____) 4:09 p.m.

7

8                 TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
9                  UNITED STATES DISTRICT JUDGE

10  APPEARANCES:

11  For the Government:  FRANK JOSEPH CHUT, AUSA
                         Office of the U.S. Attorney
12                       101 S. Edgeworth Street, 4th Floor
                         Greensboro, North Carolina 27401
13
    For the Defendant:   DAVID B. FREEDMAN, Esq.
14                       Crumpler Freedman Parker & Witt
                         301 N. Main Street, Suite 1100
15                       Winston-Salem, North Carolina 27101

16                       ROBERT A. BLAKE, JR., Esq.
                         Wyatt & Blake, LLP
17                       435 E. Morehead St.
                         Charlotte, NC 28202-2609
18

19

20

21  Court Reporter:    Joseph B. Armstrong, RMR, FCRR
22                     324 W. Market, Room 101
                       Greensboro, NC  27401
23
              Proceedings reported by stenotype reporter.
24        Transcript produced by Computer-Aided Transcription.

25

             US v. Porter - Status Conference - December 1, 2014

P R O C E E D I N G S

1

2          (At 4:09 p.m., proceedings commenced.)

3          (Defendant present.)

4          MR. CHUT:  Your Honor, this is United States of

5   America versus Stanley Scott Porter, 1:13CR47.  Mr. Porter is

6   represented by Mr. Freedman and Mr. Blake, and this is on for a

7   status conference, Your Honor.

8          THE COURT:  All right.  Good afternoon, Mr. Freedman.

9          MR. FREEDMAN:  Good afternoon, Your Honor.  I

10  appreciate you giving us an opportunity to address the Court.

11         THE COURT:  So we had a motion to extend the

12  reporting date.  I denied that motion and wrote a little more

13  than I usually do on that.  I had said that, to the extent

14  necessary, I'd hear from the parties on the status conference;

15  and that request was made, so I'll hear from you at this time.

16         MR. FREEDMAN:  Your Honor, I would just ask the

17  Court -- and the Court has been very generous when it comes to

18  Mr. Porter, there's no question about that, but I would ask the

19  Court to reconsider allowing him to stay out for a number of

20  reasons.

21         First and foremost, Your Honor, is he was first on

22  board for cooperation.  I know the Court's aware of the

23  history.  He was first on board.  He started cooperating --

24  prior to the information, we came in and pled.  He has done

25  everything the US Attorney's Office has asked him to do.  He's

US v. Porter - Status Conference - December 1, 2014

testified in front of the grand jury, I believe, at least twice
and has been on standby to do so more.  He led to an initial
indictment that has brought -- the indictment came about after
the Court sentenced him, and his continued cooperation brought
an indictment that led to two different pleas, an individual
plea and a corporate plea, and has led to a superseding
indictment.  In fact, we went through -- Mr. Blake and
Mr. Porter went through the superseding indictment and asked
him to sort of outline the different areas he believed he
provided information for the superseding indictment for the
case to be tried in May, and his cooperation throughout has
been very extensive.

        We understand the Government's policy about not doing
like a pay it forward, issuing a Rule 35 motion that would
constitute what they would believe would be all the cooperation
at this point, but the problem is is that -- and he already
would be entitled to some reduction is my understanding for the
plea for Ms. Farrell and for ILMC coming in at this point, but
the Government is not in a position to go to the Court yet
because he may know he's going to come in and testify, if the
trial goes in May, in May and if the trial goes beyond that at
that point.  We want him to be able to receive the full benefit
of his cooperation.  This is -- this is extremely extensive
cooperation on his part, and it's continuing and is resulting
in --

US v. Porter - Status Conference - December 1, 2014

1    THE COURT:  I don't doubt that.  But number one, just
2  to be clear, I'm no longer enamored of this idea of delaying
3  the reporting date.  What I didn't anticipate would come to
4  pass has come to pass, and that is it's taking forever to get
5  the case completed.  We're now a year out, and I don't do that
6  for a defendant.  I mean, you know as well as I do that in this
7  district you may be fully entitled to a Rule 35 motion, but
8  rarely will a judge delay sentencing just to let the Government
9  finish, and here it's just -- there's no end in sight at this
10 point.

11    MR. FREEDMAN:  Your Honor, this is -- I mean, in the
12 years I've been practicing in the Middle District, I agree with
13 you this is the first time the Court has done that.  I mean, I
14 believe it's appropriate in this case only because of his
15 length of sentence, and that's where I was going to go to.  The
16 concern is -- I mean, I don't think it's out of the realm of
17 possibility that we could argue that Mr. Porter would be
18 entitled to a probationary sentence at the end of everything;
19 and if he goes ahead and reports now and the case doesn't get
20 reached until May at the earliest -- and who knows what may
21 happen in May.  I mean, one of the defense lawyers in the case
22 is Kearns Davis, and you know that Mr. Davis and I anticipate
23 trying a case before Your Honor in March, and I don't know how
24 that might affect trial in May.  Even if he were entitled to
25 the 50 percent reduction, he would already not receive the full

benefit of what his full cooperation is, and it's through no
fault of his -- and, again, we're very appreciative for the
Court delaying the sentencing date to start with, but it's
through no fault of his that that occurs.

The other anomaly I thought about, Your Honor, is one
of the people he cooperated against, I believe, pled to a
misdemeanor charge and received probation.  It could be
quite -- I don't know what's going to happen with the other
three defendants in the case, but it could be that something
gets worked out or whatever where they receive probationary
sentences, too, and then it would be extremely unfair to
Mr. Porter if he were the one that came in and provided that
information not only under Rule 35 but through 3553(a) when he
has to be compared to, you know, other defendants if all of a
sudden they were to receive probation.  I don't know that
that's a possibility or not.  But, I mean, based on what I've
seen so far --

THE COURT:  Given the procedural history, I'm in a
difficult position in terms of getting to probation unless the
Government makes a pretty substantial recommendation.  I mean,
I'm not saying you can't do it, but to reject the Government's
recommendation -- you're familiar with at least the way in this
district we've interpreted the circumstances where you reject
the Government's recommendation and say the defendant is
entitled to more than the Government has recommended.  So at

this point in assessing this possibility, I can't say it's

substantial, not that it's not there, it's always a

possibility, and the Government might recommend, you know, a

reduction that would take you to four months, and then I can

decide whether four months is really worth it kind of thing.

But I really don't hear the Government -- and,

Mr. Chut, you can correct me if I'm wrong.  We're 20 percent

off where we were originally.  If he gets the full 50 percent,

which is more or less the norm, that's not going to cut

Mr. Porter to a probationary sentence.  So it will take a

substantial recommendation at this point to get to a

probationary sentence.

Mr. Chut, I don't want to speak for the Government

here, but just to be clearly fair an honest with everyone.  I

understand the concern about getting Mr. Porter to the point

where he can received full benefit of his cooperation, but I

don't hear the Government representing that we're going to come

in here and recommend a noncustodial sentence as part of his

cooperation.

So that having been said, I'm -- I've extended this

out a long ways.  I've gone well past what ordinarily would

happen, and I'm running out of reasons to continue delaying it

under those circumstances.  Mr. Chut?

MR. CHUT:  And, Your Honor, it wasn't -- and I'm

authorized to say this.  Of course, these are -- Rule 35

US v. Porter - Status Conference - December 1, 2014

motions are certainly the inner workings of the US Attorney's
Office, but it was my intention to file a Rule 35 motion not --
for some reduction prior -- at the deadline the Court set.
That was not approved by Mr. Barrett, and Mr. Barrett
authorized me to say that.  So we did not file for a Rule 35 to
reflect his further cooperation because basically it's our
policy to file one at the end of cooperation.

Your Honor, I do not -- while I don't foresee -- I
foresee, Your Honor, if this plays out the way I think it will
play out, the United States recommending a substantial
reduction for Mr. Porter, and it does raise a concern that even
without a probationary request, it might put him in a position
where he doesn't get full credit for his cooperation.  Anything
is possible, I guess, Your Honor.  I guess at some point it
could be approved probation.  I don't foresee that, but I guess
that's possible, Your Honor.  Normally, that would be out of
the norm of our office's policies.  That's not to suggest that
Mr. Porter's cooperation isn't both important and substantial,
and I feel a little handicapped that I don't have a file that
reflects that, but that is the situation.

I do -- even if he gets a 50 percent kind of standard
reduction for testifying, if he goes in now, Your Honor -- and
the United States would be ready for trial in May, Your Honor.
That's a real date for the United States obviously, and we will
be ready.  He's bumping against that having already served --

1    I'm worried at that point, Your Honor, there is some risk that

2    he would not get full credit.  So there is that possibility.

3            I can't tell the Court to a certainty that we're

4    going to recommend probation because that's not normally our

5    policy.  Of course, anything is possible, Your Honor.  Who

6    knows?  You know, Judge Tilley has said trials are fluid

7    things, and things could happen that I don't foresee, but

8    that's kind of, I guess, an awkward of saying where the

9    Government is at this point, Your Honor.

10           THE COURT:  So your best guess at this point is the

11   Government will move at some point for further reduction once

12   it's completed, that that further reduction will not be a

13   recommended probationary sentence from the Government --

14           MR. CHUT:  Most likely not, Your Honor.

15           THE COURT:  -- but you don't know what at this point

16   it will be.

17           MR. CHUT:  Your Honor, if all the defendants came in

18   and pled guilty right now, Mr. Porter would get a Rule 35

19   motion from the Government.  If it was approved, speaking to

20   the fact that I don't have -- I'm not speaking with authority,

21   Your Honor.  I'm only speaking -- doing a projection and what I

22   would recommend.  He would more credit for the guilty pleas

23   that have taken place in the interim plus credit for any pleas

24   obtained in the case.  If the case goes to trial, he'll receive

25   a reduction for testifying plus some amount of recommended

1  reduction for the fact that in the original cases there were

2  guilty pleas in part based on his cooperation.

3        THE COURT:  And his original guideline calculation,

4  where was he?  I went 20 percent down to 12 months plus -- he

5  was originally up in the 30s?

6        MR. FREEDMAN:  I believe it was 27 to 33 initially,

7  Your Honor.  Then when the Court fashioned a sentence, the

8  Court sentenced -- it wasn't reflected in the judgment, but in

9  the transcript the Court fashioned a sentence to a 24-month

10  sentence, 12 months active, 12 months house arrest, and you

11  were going to have the 12 months house arrest done first, but

12  that could not be done.

13        THE COURT:  I think I did part of the -- basically

14  part of the -- a large part of the departure based on the

15  20 percent or 10 or whatever the percentage was and then some

16  of it from the way I structured the sentence.

17        MR. FREEDMAN:  That's correct, Your Honor.  And I've

18  talked to Mr. Chut, too, just about -- this is a very -- in

19  addition to our concern that -- you know, I believe he's going

20  to -- I don't know how far the Government will go.  I believe

21  based on what the Court's heard, he's going to be entitled to a

22  very significant reduction.  In addition, this is a very

23  complex case, and I've talked to Mr. Chut just about the

24  dynamics.  They need easy and they've had easy and ready access

25  to Mr. Porter.  If Mr. Porter were in a facility in southwest

Virginia, which is where eventually he will report --

THE COURT: I'll tell you, Mr. Freedman. They've had him for more than a year. They can they can get what they need out of Mr. Porter. That doesn't carry a lot of weight with me.

MR. FREEDMAN: You know, the other -- that plus -- again, I said even if we wait until May, Your Honor, I'm concerned he will not receive the full benefit of what's going on. If the case gets continued in May, we're in the exact same posture.

THE COURT: And I'm -- I mean, I just can't -- I won't -- there's no -- I mean, I tried to do it. I think there is authority for me to do it, but 14 months later or whatever the time frame is, here I am again in the same posture I was a year ago. The sentence that would have worked was the original one that I can't do as a matter of law. That would have given me more flexibility, but it's gone.

MR. FREEDMAN: I guess our other concern, Your Honor, just as a practical matter, if -- in addition of concern about him not receiving the full benefit, I don't believe the Government can exclude the possibility of a probationary sentence recommendation depending upon what he could do, in which case going in -- he definitely would not receive the full benefit of that.

In addition, Your Honor -- and, again, I don't know if it's really part of the Court's calculous, but at least in

terms of my calculous, he's going to be at a minimum security

facility.  If he gets brought down here for trial, there's a

good possibility from what I've seen from past experience while

waiting for things, if the trial is four or five weeks, he

could be sitting in a county jail for four or five weeks.  I

just went through this recently with a case.

I'm just -- and, again, the Court's been very fair.

I also understand I've not seen this situation before, so I

don't know -- I'm not suggesting anything other than --

THE COURT:  I understand that.

MR. FREEDMAN:  Mr. Porter has done everything asked

of him.  We're not in this position because of anything that

Mr. Porter has done.  In fact, we're in this position because

Mr. Porter's information has appeared to be so valuable that it

led not only to one investigation, but sort of a second

ancillary investigation that came about from the second

indictment.  So, I mean, it's almost because he has so much

information, and he's been doing something along the way, he's

in a position where he cannot yet receive, you know, a Rule 35

prior to having to report.  And I believe the only reason we're

in this position now -- and I understood the US Attorney's

policy of we don't want -- we don't do Rule 35s forward.

THE COURT:  But nobody has come up with any better

way to do this other than just indefinitely postpone the

reporting dated, and that's not satisfactory anymore.  It's

1   just dragged on for too long.  There's no end in sight.

2           MR. FREEDMAN:  Well, Your Honor, if indeed the --

3   well, I guess there is an end in sight in that we have a trial

4   set for May.  Mr. Chut has said the Court is ready to go in

5   May.

6           THE COURT:  We had trial set before, and then we had

7   a superseding indictment, and then we had a lengthy

8   continuance.

9           MR. FREEDMAN:  And my understanding is there's no

10  plans for any more superseding indictments and that

11  Mr. Porter's cooperation will be full and complete after the

12  trial in May.  And then, again, if indeed there were not a

13  trial in May, then Mr. Porter will end up receiving no benefit

14  from all the cooperation which he's done, which would not be an

15  incentive for people to provide everything they know for fear

16  that it takes too long for things to be complete.

17          THE COURT:  You know, at its heart -- I hate to speak

18  so candidly in open court and on the record, but at its heart

19  is the philosophical issue of so Mr. Porter's done everything

20  he can possibly do to get his cooperation, the Government

21  doesn't want to move for substantial assistance at this point

22  in time and get him further reduction, so, Judge, if he

23  outserves his sentence, that's your fault, not ours.  But at

24  the same time, I'm sitting here indefinitely extending a

25  reporting date trying to accommodate everything, and, I mean,

US v. Porter - Status Conference - December 1, 2014

there comes a point in time where I'm just outside of what I
consider to be reasonable.

So we get to 2015, and we're 16 months out from the
original sentencing date.  I don't know where I got that I had
kind of a year.  I think I had extended some reporting dates
before to try to stagger sentences, and a year seemed to --
over the course of 8 to 12 months, it seemed to work all right
with the Bureau of Prisons, but now I'm getting into an area
that simply I'm finding unacceptable because there's just too
many unknowns.  I'm not going to continue it out forever.

MR. FREEDMAN:  And we're not asking you to do that,
Your Honor.  And, again, I know the Court has your
responsibilities, and we would -- no one would ever say it's
the Court's fault if -- you know, if he did not receive the
full benefit.  But on Mr. Porter's behalf, I can't control the
Court or the Government.  All I can say is Mr. Porter has done
everything right.  I believe Mr. Porter is going to be entitled
to a significant reduction if not all the way to probation,
then maybe very close; and if he reports now, and the case
isn't tried until May, I don't see any possibility for him
receiving that credit.

THE COURT:  Well, under -- there is no specific rule
that guides me, but I've been -- yes, sir?

MR. FREEDMAN:  I was just going to say, having
done -- and I agree this is unusual for the Middle District.

1    Having done cases in both the Western and Eastern District and

2    a number of other districts around the country, to have a

3    case -- to have a complex white collar case go on for several

4    years before everything's resolved I don't believe is that

5    abnormal.

6            THE COURT:  No, I don't have any problem with the

7    years.  But when the pieces start rolling in and then the other

8    parts drag on, you get these kinds of issues.

9            This is what I'm going to do.  I'm going to get

10   Mr. Porter through Christmas to January the 15th.  That's a

11   Thursday.  January 15, 2015.  As I see it, we've gotten --

12   we're 14 months out.  We'll be 15 months out.  It's just

13   complete speculation at this point.  The Government won't

14   commit to anything, so it's speculation.  It's a guess, an

15   educated guess, but it's right up there with speculation as to

16   whether he'll serve this sentence or not between then and May.

17           I'm going to extend him to the 15th to give him an

18   opportunity to get through the holidays and close his business

19   up.  At that point, if the parties, the Government and the

20   defendant, particularly the Government, can't certify -- there

21   is a provision under the release and detention provisions

22   relating to release pending appeal where the parties can

23   certify that it is likely he will serve his sentence, if the

24   Government's prepared to make a representation to the Court

25   that he's likely -- taking into consideration what he's likely

1  to receive in terms of his substantial -- any reduction for
2  existing and future cooperation that he's likely to over-serve
3  that sentence, then I'll consider that further at that time.
4  But if the Government still doesn't know what's going to happen
5  and can't make any kind of representation that he's likely to
6  over-serve in their opinion, then I'm going to -- I'm not going
7  to just extend it again and wait and see until May.

8          So you all can talk about that.  Do you understand
9  that, Mr. Chut?  I can't lay my hands on the rule --

10          MR. CHUT:  I do, Your Honor.

11          THE COURT:  -- but there is a rule that would allow
12  me to allow somebody to remain out pending appeal if there's a
13  certification from somewhere or I find that he's likely to
14  over-serve his sentence if he has to report.  So if you get to
15  the point by January 15 that the parties can submit something
16  concrete to me to suggest he may over serve his sentence, then
17  I'll consider that.  But otherwise I'm not extending this
18  again.

19          MR. CHUT:  Your Honor, may I inquire of -- and I'm
20  speaking from the position of a line AUSA without -- I don't
21  have the authority, Your Honor, to do the motion myself.  I can
22  forecast to the Court what I think the motion would be, but
23  what would the Court like, concretely, so I can take that back,
24  Your Honor, to the criminal chief?

25          THE COURT:  Something other than "We consent to the

US v. Porter - Status Conference - December 1, 2014

```
 1  defendant's motion."

 2          MR. CHUT:  Yes, Your Honor.

 3          THE COURT:  I think you've got to be willing to come

 4  in and say at some point that you think, given the cooperation

 5  that he's rendered, and you anticipate that if he reports on

 6  the 15th, then he's going to over-serve his sentence.  If you

 7  get to that point and you are comfortable with that -- maybe

 8  the US Attorney's office says, no, we're not making any

 9  commitment to anything, in which case I'm left with just pure

10  speculation.

11          MR. CHUT:  I do have not have the authority to file a

12  motion, Your Honor.  I think I am safe to forecast, Your Honor,

13  that if Mr. Porter, and I have no doubt he will, testifies at

14  the trial that he will receive at the very least a 50 percent

15  5K, and considering he's also involved in --

16          THE COURT:  50 percent off of what, though?

17          MR. CHUT:  50 percent off, I guess, his current

18  sentence, Your Honor, would be the reduction.

19          THE COURT:  I mean, a lot of times there's

20  20 percent, and then later there's 30 percent for a total of a

21  total of 50 off the original sentence.  So whether it's 50 off

22  of where he stands now, that'd still put him in a 6-month

23  active sentence.

24          MR. CHUT:  Let me, Your Honor, get guidance from my

25  chain of command so I'm not speaking improperly.  I apologize
```

US v. Porter - Status Conference - December 1, 2014

1   to the Court for the confusion.  It's an unusual circumstance,

2   and I apologize, Your Honor.

3          THE COURT:  What is that -- let me see.  What is the

4   release, 3143?

5          MR. BLAKE:  It may be 3141 or 3143.

6          THE COURT:  3143.  This obviously doesn't apply here,

7   but I think this states what I'm trying to get to the bottom

8   of:

9          "The judicial officer shall order that a

10         person who has been found guilty of an offense and

11         sentenced to a term of imprisonment, and who has

12         filed an appeal [in this case, continuing to

13         cooperate] be detained, unless a judicial officer

14         finds that the appeal is not for the purpose of

15         delay raises a substantial question..."

16         None of that is applicable here because the parties

17   all seem to agree that he has continued to cooperate.

18         "...[that is] likely to result in a sentence

19         that does not include a term of imprisonment, or a

20         reduced sentence to a term of imprisonment less

21         than the total of the time already served plus the

22         expected duration of the appeal process."

23         The Government is uniquely in control of substantial

24   assistance and any reductions that are going to be recommended.

25   So if the Government can make that forecast, then I'll consider

it. But otherwise, if the Government remains uncertain as to
what the reduction may be and is not able to represent to this
Court what they anticipate in terms of any future reductions,
to me, not filing the motion sends the signal that the
reduction won't be enough to get him to probation at the end of
the day.

          Mr. Porter, I know -- I apologized to you last time.
It's your life we're talking about, and I don't mean it to
sound like we're just juggling around government bureaucracy.
On the other hand, as Mr. Freedman alluded to, I've never done
this before. We've extended it out for a long time, and there
comes a point in time where if I do it for you, I'll be asked
to do it in every other case. So I apologize to you for the
way this may appear, but we're doing the best we can to get to
the bottom of it.

          Mr. Chut, any questions about that?

          MR. CHUT: No, Your Honor. Let me -- what I will
do --

          THE COURT: I'm going to extend the time to the
15th of January for Mr. Porter to report. Absent some
exceptional circumstance over and above businesses, personal
issues, and that type of thing, I'm not going to extend it
again, and the only -- unless the Government comes in and says
we believe that, given everything, that he will have
over-served -- kind of outlined within the framework of that

US v. Porter - Status Conference - December 1, 2014

statute I just referenced.

MR. CHUT:  Yes, Your Honor.

THE COURT:  If you get to that point and can tell me that, then in that case I'll extend it further to try to avoid that possibility.  But just guessing they maybe will, maybe won't, who knows, I mean, I can't -- and I think the Government is well-intentioned to get this case tried in May, but they're only half of the equation to the case, and things do pop up on the other side, and you never know.  All right.

MR. FREEDMAN:  We appreciate that.  On behalf of Mr. Porter, Your Honor, he's been very understanding of the process and very respectful of everything.

THE COURT:  I appreciated that.

MR. FREEDMAN:  He was ready to go on Wednesday, if necessary; but he understands fully, Your Honor, and appreciates everything that's been done.

THE COURT:  I think January 15 will give everybody plenty of time to decide whether or not that circumstance exists.  If it does, we'll address it in the form of a written motion.  If it doesn't, then I'm not going to tell you not to file anything, but I've continued it as far as I can for normal family and business circumstances.

MR. BLAKE:  Your Honor, can I raise one procedural question?  Mr. Porter is scheduled to report in 36 hours.  Does the Court need to us submit a proposed order, or is that

1  something that can be issued by the Court?

2          THE COURT:  We'll take care of that order by 9:00

3  tomorrow.

4          MR. BLAKE:  Thank you, Your Honor.

5          MR. CHUT:  Your Honor, what form would the Court

6  like a forecast of the --

7          THE COURT:  A motion filed asking to extend the

8  reporting date and setting out fairly explicitly in here what

9  the Government believes will result and whether or not -- using

10 the language I described that he will fully serve his term of

11 imprisonment and some time we anticipate might be avoided if

12 the cooperation unfolds the way we think it will.

13         MR. CHUT:  Yes, Your Honor.  I'll file that under

14 seal, Your Honor.

15         THE COURT:  All right.  If there's nothing further,

16 we'll stand adjourned.

17         (At 4:36 p.m., proceedings concluded.)

18                  *  *  *  *  *

19              C E R T I F I C A T E

20     I certify that the foregoing is a correct transcript
        from the proceedings in the above-entitled matter.

21

22

23     Date: 12?12?2014    Joseph B. Armstrong, RMR, FCRR
                            United States Court Reporter
24                          324 W. Market Street
                            Greensboro, NC  27401

25

US v. Porter - Status Conference - December 1, 2014